OPINION
{¶ 1} This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12(5), we have elected to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Plaintiff-appellant, Gary Brondes, appeals the decision of the Hancock County Court of Common Pleas dismissing his complaint against the defendant-appellee, International Union of Police Affiliations, AFL-CIO, Local 71("IUPA"). Finding none of the arguments advanced on appeal to have merit, we affirm the decision below.
 {¶ 3} On February 13, 2001, the appellant was discharged from his position as a police dispatcher by the City of Findlay. The appellant filed a grievance with the IUPA protesting his discharge. The IUPA and the City of Findlay are parties to a Collective Bargaining Agreement ("Agreement"), which provides for a grievance process culminating in a final and binding arbitration. The IUPA Grievance Committee submitted the appellant's grievance to the City on three occasions but failed each time to comply with the requirements of the Agreement. On February 28, 2001, the City denied the appellant's grievance. The IUPA informed the appellant that it would not appeal the City's decision.
 {¶ 4} On February 27, 2002, the appellant filed a complaint in the Hancock County Court of Common Pleas against the IUPA seeking damages, costs and other relief, alleging that the IUPA failed to fairly represent him by refusing to pursue a grievance protesting his discharge from the City of Findlay. On March 12, 2002, the IUPA filed a motion to dismiss pursuant to Civ.R. 12(B)(1) and 12(B)(6). The trial court granted the motion, and the appellant now appeals asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR NO. I {¶ 5} "The trial court committed prejudicial error in dismissing the plaintiff's complaint for lack of subject matter jurisdiction when it was granted jurisdiction over the plaintiff's complaint pursuant to Ohio Revised Code Section 4117.09(B)(1)."
 {¶ 6} For his first assignment of error, the appellant contends that the trial court committed prejudicial error in determining that it lacked subject matter jurisdiction to hear his complaint. Civ.R. 12(B)(1) supports dismissal if there is a lack of subject matter jurisdiction. The proper inquiry for dismissal pursuant to Civ.R. 12(B)(1) is "whether the plaintiff has alleged any cause of action which the court has authority to decide."[1] Appellate review of a trial court's ruling on a motion to dismiss is de novo and, while we need not defer to the trial court's findings, we must, like the trial court, construe the factual allegations in the complaint and all reasonable inferences therefrom in favor of the nonmovant.[2]
 {¶ 7} The appellant alleges that the IUPA failed to fairly represent him by not properly grieving his discharge. In fact, the language of his complaint is reflected in R.C. 4117.11(B)(6). The failure of an employee organization to fairly represent all public employees in a bargaining unit is an unfair labor practice as defined by R.C.4117.11(B)(6). Jurisdiction to determine the validity, or lack thereof, of unfair labor practices is within the exclusive jurisdiction of the State Employment Relations Board (SERB).[3]
 {¶ 8} The appellant asserts that the language of R.C. 4117.09(B)(1) provides parties to a collective bargaining agreement the right to file suit in the Court of Common Pleas for a violation of the agreement or to enforce an arbitration award. R.C. 4117.09 provides:
 {¶ 9} "(A) The parties to any collective bargaining agreement shall reduce the agreement to writing and both execute it.
 {¶ 10} "(B) The agreement shall contain a provision that:
 {¶ 11} "(1) Provides for a grievance procedure which may culminate with final and binding arbitration of unresolved grievances, and disputed interpretations of agreements, and which is valid and enforceable under its terms when entered into in accordance with this chapter. No publication thereof is required to make it effective. A party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business."
 {¶ 12} The appellant's reliance on R.C. 4117.09 is misplaced, for the section does not provide a right to an original action by an individual employee in common pleas court.[4] Union members are not "parties" to a collective bargaining agreement.[5] Under the contract at issue here, as with all collective bargaining contracts, SERB had initial and exclusive jurisdiction over the appellant's grievance for an unfair labor practice. The trial court was correct in finding that it did not have subject matter jurisdiction.
 {¶ 13} Accordingly, the appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II {¶ 14} "The trial court committed prejudicial error when it did not grant the plaintiff leave to amend his complaint prior to its dismissal."
 {¶ 15} Lastly, the appellant argues that even if the common pleas court did not have subject matter jurisdiction to adjudicate the action, the court should have permitted the appellant to amend his complaint. However, the record discloses that the appellant did not request permission to amend his complaint, nor did he tender an amended complaint when the court decided to dismiss the action. Although Civ.R. 15(A) mandates that leave to amend a complaint "shall be freely given when justice so requires," in the present case, the appellant did not make a proper motion requesting such action from the court. Therefore, there was no abuse of discretion on the part of the trial court, and appellant's second assignment of error is overruled.
 {¶ 16} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, P.J., and BRYANT, J., concur.
[1] Shockey v. Fouty (1995), 106 Ohio App.3d 420, paragraph one of the syllabus.
[2] York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143,144.
[3] E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.
(1994), 70 Ohio St.3d 125.
[4] United Electrical v. Delaware City School District Board ofEducation (June 11, 2001), 5th Dist. No. 00CAH004010.
[5] Id.