[Cite as *Murray v. Columbus*, 2014-Ohio-2790.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| David B. Murray, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 13AP-912 |
| v. | : | (C.P.C. No. 12CV-13309) |
| City of Columbus et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on June 26, 2014

*Daniel H. Klos,* for appellant.

*Richard C. Pfeiffer, Jr.,* City Attorney, *Susan E. Thompson* and *Wendy S. Kane,* for appellees the City of Columbus, Mitchell Brown and Brooke Carnevale.

*Newhouse, Prophater, Letcher & Moots, LLC, D. Wesley Newhouse* and *Michael S. Kolman,* for appellees Fraternal Order of Police, Capital City Lodge #9, and James Gilbert.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1} Plaintiff-appellant, David B. Murray ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas in favor of defendants-appellees ("appellees"). For the reasons that follow, we affirm the judgment of the trial court.

I. Facts and Procedural History

{¶ 2} In 2008, the City of Columbus ("City") employed appellant as a lieutenant in the Columbus Police Department ("CPD"). Appellant is also a member of the labor union known as the Fraternal Order of Police ("FOP"), Capital City Lodge #9, appellees herein. On September 4, 2008, CPD terminated appellant's employment, after 29 years of service, for the stated reason that appellant had violated CPD policy by disclosing

confidential information to the media. Appellant grieved his dismissal pursuant to the five-step process set out in the parties' collective bargaining agreement.[1]

{¶ 3}    Appellant was not satisfied with the decision in his grievance and it was his desire that FOP proceed to arbitration.   Appellant's complaint in this case states: "An arbitrator was assigned in December of 2009. From December 2009 through June 24, 2011 the arbitrator proposed 24 to 25 dates for arbitration * * * [but] [n]o arbitration was ever held. Only one arbitration date was ever agreed upon by * * * City and FOP * * * and it was cancelled by the Defendant City."  (Complaint, 6.)

{¶ 4}    On September 3, 2010, appellant brought suit in Federal District Court ("District Court") against the City, Public Safety Director Brooke Carnevale, and CPD Chief Mitchell Brown, alleging violations of 14 U.S.C. 1983. Specifically, the complaint alleged that the City violated appellant's due process rights by interfering with his right to a timely arbitration hearing. On June 23, 2011, the District Court conducted a conference in the case. Although FOP was not yet a party to the litigation, counsel for FOP attended the conference via telephone. According to appellant, FOP's counsel, Grant Shoub, represented to the District Court that the City and FOP had reached a settlement of appellant's grievance "in principle" in July 2010, that the language of the settlement agreement had been finalized, and that the agreement should be executed on or before July 15, 2011. (Complaint, 8.)

{¶ 5}    Appellant claims, however, that it was not until September 23, 2011, that the City submitted a written settlement agreement to FOP for review. (Complaint, 9.) Appellant maintains that he did not receive a copy of the settlement agreement until September 29, 2011. (Complaint, 9.) On October 3, 2011, appellant resigned his position with CPD "in good standing" pursuant to the terms of the settlement agreement.

{¶ 6}    On December 20, 2011, appellant amended his complaint in District Court to add FOP, and FOP President James Gilbert as defendants. Appellant subsequently moved the District Court for sanctions against FOP and Gilbert for concealing and/or fabricating evidence. A magistrate issued an order denying appellant's motion for

---

[1] Under Article 12.5(E) of the Collective Bargaining Agreement, "Step Five-Arbitration" states: "(1) Arbitration Notification   Arbitration may only be initiated by the Lodge upon approval of the Lodge President. To initiate arbitration the Lodge shall notify the Public Safety Director of the Lodge's intention to proceed to arbitration within fourteen (14) days of the Grievance Chairperson's receipt of the written answer from the Director of Public Safety at Step Four."

sanctions on April 5, 2012. *Murray v. Columbus,* S.D.Ohio No. 2:10-CV-00797 (Apr. 5, 2012). On September 26, 2012, the District Court dismissed appellant's case. *Murray v. Columbus*, S.D.Ohio No. 2:10-CV-797 (Sept. 26, 2012).

{¶ 7}   While appellant's action was pending in District Court, appellant filed a complaint with the State Employment Review Board ("SERB") on January 14, 2011, alleging that the City committed an unfair labor practice when it terminated his employment.  On June 30, 2011, SERB dismissed appellant's action as untimely filed.[2] According to appellees, appellant filed a second SERB complaint setting forth additional facts he allegedly discovered in the course of the federal litigation but that SERB dismissed that complaint as untimely filed on January 26, 2012. Appellant does not dispute appellees' claim.

{¶ 8}   On October 22, 2012, appellant filed the instant action against the City, Chief Brown, Carneval, FOP and Gilbert in the Franklin County Court of Common Pleas.[3] On November 20, 2012, FOP and Gilbert filed a joint motion to dismiss the complaint, pursuant to Civ.R. 12(B)(1), for the lack of subject matter jurisdiction. Thereafter, on November 26, 2012, the City, Chief Brown, and Carnevale filed a joint motion to dismiss the complaint alleging both the lack of subject matter jurisdiction, pursuant to Civ.R. 12(B)(1), and the failure to state a claim upon which relief may be granted, pursuant to Civ.R. 12(B)(6).  On October 2, 2013, the trial court issued a decision granted the motions and dismissed appellant's action. Specifically, the trial court dismissed Counts I, II and V of the complaint for the lack of subject matter jurisdiction, and it dismissed Counts III and IV for failure to state a claim for relief.

{¶ 9}   Appellant filed a timely notice of appeal to this court on October 25, 2013. On February 18, 2014, appellant filed a motion to supplement the record on appeal with the affidavit of attorney Shoub. As noted above, Shoub appeared in the District Court on behalf of FOP and he allegedly made certain representations regarding the settlement agreement. Appellant attached Shoub's affidavit to his merit brief as exhibit No. 1.

{¶ 10} In ruling on appellees' respective motions to dismiss, the trial court did not make any finding regarding the specific representations made by Shoub nor did the trial

---

[2] R.C. 4117.12(B) states:  "The board may not issue a notice of hearing based upon any unfair labor practice occurring more than ninety days prior to the filing of the charge with the board."

[3] On October 26, 2012, appellant refiled the identical five-count complaint with the collective bargaining agreement attached as an exhibit.

court determine whether such representations were true or false. The trial court simply accepted the relevant averments of appellant's complaint as true and ruled upon the pending motions accordingly. For this reason, we need not consider the affidavit in ruling on the assignments of error presented for review. Accordingly, appellant's February 18, 2014 motion to supplement the record on appeal is denied.

## II. Assignments of Error

{¶ 11} Appellant has set out five assignments of error corresponding to each of the five counts in the complaint as follows:

[I.] THE COURT ERRED WHEN IT DISMISSED THE APPELLANT'S CLAIMS AGAINST THE CITY AND FOP HOLDING THE CONDUCT THAT PLAINTIFF ALLEGES FITS SQUARELY INTO R.C. 4117.11(B)(6) AND, THUS, SERB HAS EXCLUSIVE JURISDICTION OVER THE MATTER.

[II.] THE COURT ERRED WHEN IT DISMISSED COUNT TWO AS TO DEFENDANT CITY, DEFENDANT BROWN, DEFENDANT FOP, DEFENDANT GILBERT, AND DEFENDANT CARNEVALE FOR LACK OF JURISDICTION.

[III.] THE COURT ERRED WHEN IT DISMISSED COUNT THREE AS TO DEFENDANT CITY, DEFENDANT BROWN, DEFENDANT FOP, DEFENDANT GILBERT, AND DEFENDANT CARNEVALE FOR FAILURE TO STATE A CLAIM.

[IV.] THE COURT ERRED WHEN IT DISMISSED COUNT FOUR AS TO DEFENDANT CITY, DEFENDANT BROWN, DEFENDANT FOP, DEFENDANT GILBERT, AND DEFENDANT CARNEVALE FOR FAILURE TO STATE A CLAIM.

[V.] THE COURT ERRED WHEN IT DISMISSED COUNT FIVE AS TO DEFENDANT CITY AND DEFENDANT FOP, DEFENDANT GILBERT, AND DEFENDANT CARNEVALE FOR FAILURE TO STATE A CLAIM.

## III. Standard of Review

{¶ 12} Subject matter jurisdiction is a question of law, which we review de novo. *Derakhshan v. State Med. Bd. of Ohio*, 10th Dist. No. 07AP-261, 2007-Ohio-5802, ¶ 11. Civ.R. 12(B)(1) permits dismissal of the complaint where the trial court lacks jurisdiction over the subject matter of the action. *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist.

No. 07AP-861, 2008-Ohio-2299, ¶ 6. "The standard for determining a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction is whether the complaint states any cause of action cognizable in the forum." *Univ. of Toledo v. Ohio State Emp. Relations Bd.*, 10th Dist. No. 11AP-1012, 2012-Ohio-2364, ¶ 8. "A trial court has subject matter jurisdiction over a case if it has the statutory or constitutional power to adjudicate the case." *Kormanik v. Cooper*, 195 Ohio App.3d 790, 2011-Ohio-5617, ¶ 23 (10th Dist.), citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11.

{¶ 13} On the other hand, a motion to dismiss under Civ.R. 12(B)(6) for failure to state a claim is procedural and tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. Dismissal for failure to state a claim upon which relief can be granted is proper if, after all factual allegations are presumed to be true and all reasonable inferences are made in favor of the non-moving party, it appears beyond doubt from the complaint that the plaintiff could prove no set of facts warranting the requested relief. *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, (1975), syllabus. We review a dismissal of a complaint pursuant to Civ.R. 12(B)(6) under a de novo standard. *Woods v. Riverside Methodist Hosp.,* 10th Dist. No. 11AP-689, 2012-Ohio-3139, ¶ 9.

## IV. Legal Analysis

{¶ 14} In Counts I and III of the complaint, appellant alleges that both the City and FOP fraudulently represented to the District Court that they had reached a settlement of appellant's grievance in July 2010, when in fact they did not settle the grievance until June 2011. Appellant alleges that appellees argued in District Court that the settlement mooted appellant's 14 U.S.C. 1983 due process claim.

{¶ 15} In appellant's first assignment of error, appellant argues that the trial court erred when it determined that Count I of the complaint alleged an unfair labor practice within the exclusive jurisdiction of SERB. In his third assignment of error, appellant alleges that the trial court erred when it dismissed Count III of the complaint for failure to state a claim for relief. As the operative facts underlying Counts I and III are the same, we will consider appellant's first and third assignments of error together.

{¶ 16} In *State ex rel. Fraternal Order of Police, Ohio Labor Council, Inc. v. Franklin Cty. Court of Common Pleas*, 76 Ohio St.3d 287 (1996), the Supreme Court of Ohio explained SERB jurisdiction as follows:

> The State Employment Relations Board has exclusive jurisdiction to decide matters committed to it pursuant to R.C. Chapter 4117. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus. Exclusive jurisdiction to resolve charges of unfair labor practices is vested in SERB in two general areas: (1) where one of the parties files charges with SERB alleging an unfair labor practice under R.C. 4117.11; or (2) *where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11. E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.* (1994), 70 Ohio St.3d 125, 127-128, 637 N.E.2d 878, 880. Therefore, if a party asserts claims that arise from or are dependent on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive. *Franklin Cty. Law Enforcement Assn.*, at paragraph two of the syllabus.

(Emphasis added.) *Id.* at 289.

{¶ 17} Under Ohio law, " 'SERB has exclusive jurisdiction over matters within R.C. Chapter 4117 in its entirety, not simply over unfair labor practices claims.' " *State ex rel. Cleveland v. Sutula*, 127 Ohio St.3d 131, 2010-Ohio-5039, ¶ 20, quoting *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn. of Fire Fighters v. Cleveland,* 156 Ohio App.3d 368, 2004-Ohio-994, ¶ 12 (8th Dist.); *Carter v. Trotwood-Madison City Bd. of Edn.,* 181 Ohio App.3d 764, 2009-Ohio-1769, ¶ 64 (2d Dist.). Indeed, the "broad, preemptive language" of Chapter 4117 "prevails over any and all other conflicting laws, resolutions, provisions, present or future, except as otherwise specified in Chapter 4117 of the Revised Code or as otherwise specified by the general assembly." *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 170 (1991).

{¶ 18} Here, appellant alleges that both his union representatives and his employer falsely claimed that his grievance had been settled in July 2010; they did so in order to obtain a dismissal of appellant's District Court case. The question for this court is

whether such conduct, if proven, constitutes an unfair labor practice proscribed by R.C. 4117.11. We believe that it does.

{¶ 19} R.C. 4117.11(B)(6) states that "[i]t is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to * * * [f]ail to fairly represent all public employees in a bargaining unit." In reviewing a claim of unfair representation brought pursuant to R.C. 4117.11(B)(6), the Supreme Court of Ohio has looked to case law applying the "comparable language" of the National Labor Relations Act. *State ex rel. Hall v. State Emp. Relations Bd.*, 122 Ohio St.3d 528, 2009-Ohio-3603, ¶ 23. To prove that the Union breached its duty of fair representation under the comparable language of the federal law, the union member must establish that the Union's conduct toward plaintiff was hostile, discriminatory, in bad faith, dishonest or arbitrary, and that the impact of the Union's breach on the outcome of the grievance process was substantial. *Mains v. LTV Steel Co.*, 89 Fed.Appx. 911 (6th Cir.2003), citing *Vaca v. Sipes*, 386 U.S. 171 (1967), and *Dushaw v. Roadway Express, Inc.*, 66 F.3d 129, 132 (6th Cir.1995). In the frederal system, such suits are referred to as "Hybrid" suits wherein a plaintiff jointly sues his employer for a violation of the collective bargaining agreement and his Union based upon a breach of its duty of fair representation. *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 562 (1976); *Winston v. Gen. Drivers, Warehousemen & Helpers, Local Union No. 89*, 93 F.3d 251, 254 (6th Cir.1996).

{¶ 20} As the trial court correctly observed, the disagreement between appellant and FOP arose when appellant learned that FOP had allegedly settled his grievance without proceeding to arbitration and without his consent. Count I of the complaint alleges that an agent of FOP intentionally misled appellant regarding the resolution of his grievance. Regardless of FOP's motive for deceiving appellant, appellant's allegation's, if proven, establish that FOP acted in bad faith or dishonestly toward appellant in the prosecution of his grievance. Furthermore, in the context of an action for damages in the court of common pleas, appellant cannot possibly prove common law fraud without establishing conduct on the part of FOP that would also constitute unfair representation under R.C. 4117.11(B)(6). When a complaint brought before the common pleas court alleges such conduct, SERB has exclusive jurisdiction to hear and determine the matter. *Fraternal Order of Police, Ohio Labor Council, Inc.; E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.,* 70 Ohio St. 3d 125 (1994).

{¶ 21} With regard to the City,[4] Count I of the complaint specifically states that: "Both Defendant FOP and Defendant City, by their respective counsel, represented to the Federal Magistrate on June 23, 2011, that the matter underlying Plaintiff's Original Complaint of deprivation of due process was made moot [by] the existence of a settlement agreement that had been reached between Defendant City and Defendant FOP eleven months earlier in July of 2010." (Complaint, 13.) We agree with the trial court that appellant cannot possibly prove common law fraud without establishing conduct on the part of the FOP that would also constitute unfair representation under R.C. 4117.11(B)(6).

{¶ 22} Moreover, though R.C. 4117.11(B)(6) does not expressly authorize an unfair labor practice claim against an employer, R.C. 4117.11(A)(8) makes it an unfair labor practice "for a public employer, its agents, or representatives to [c]ause or attempt to cause an employee organization, its agents, or representatives to violate division (B) of this section." It is clear from the complaint that the City either precipitated or, at a minimum, actively participated in the alleged deception of appellant. In fact, when appellant originally filed his complaint in District Court alleging a violation of due process, appellant did not name FOP as a defendant. Taking the allegations as true, it is reasonable to infer that the City violated R.C. 4117.11(A)(8), either causing or attempting to cause FOP to breach its duty of fair representation. *See Assn. of Cleveland Fire Fighters, Local 93 v. Cleveland* at ¶ 14, (Assistant Fire Chiefs' claim that the Union and the City improperly removed them from the bargaining unit without SERB approval is enforceable against the employer as an unfair labor practice under R.C. 4117.11(A)(8) and 4117.11(B)(6).)

{¶ 23} Count III of appellant's complaint specifically alleges a civil conspiracy between FOP and the City to deceive appellant regarding the status of his grievance. As stated above, such conduct is proscribed by R.C. 4117.11(B)(6) and 4117.11(A)(8). The fact that appellant has pleaded the claim as a civil conspiracy does not alter the nature and character of the underlying conduct or confer subject matter jurisdiction on the court of common pleas. *See Assn. of Cleveland Fire Fighters, Local 93* at ¶ 13. Indeed, SERB has exclusive jurisdiction "over any complaint in which it can be shown that, even under the liberal pleading standards of Civ.R. 8(F), relief can be obtained only by proving a violation

---

[4] For purposes of assignments of error I-IV, FOP and City shall include the individual appellees who are employees thereof.

of a right protected under R.C. Chapter 4117." *Id.* In order to establish fraud and civil conspiracy as alleged in Count III of the complaint, appellant must necessarily produce facts establishing violations of R.C. 4117.11(B)(6) and 4117.11(A)(8).

{¶ 24} For the foregoing reasons, appellant's first assignment of error is overruled. Furthermore, because the trial court did not have jurisdiction to hear and determine the unfair labor practice underlying the civil conspiracy claim asserted in Count III of the complaint, the trial court lacked jurisdiction of that claim as well. Thus, we hold that the trial court did not err when it dismissed Count III of the complaint, albeit for a different reason than the trial court, and we overrule appellant's third assignment of error.[5]

{¶ 25} In appellant's second assignment of error, appellant argues that the trial court erred when it determined that Count II of the complaint alleged an unfair labor practice and that such a claim was within the exclusive jurisdiction of SERB. In his fourth assignment of error, appellant argues that the trial court erred when it dismissed Count IV of the complaint for failure to state a claim for relief. As the operative facts underlying Counts II and IV are the same, we will consider appellant's second and fourth assignments of error together.

{¶ 26} For purposes of Counts I and IV, appellant concedes that FOP and the City settled his grievance in July 2011, but he claims that neither FOP nor the City disclosed the settlement until June 23, 2011.[6] According to the complaint, had the City or FOP informed him of the July 2010 settlement, he "would have filed a [unfair labor practice] at the same time he field [sic] his federal lawsuit." (Complaint, 16.)

{¶ 27} Although Counts II and IV of the complaint allege an alternative set of facts, the nature and character of the claims are the same as Counts I and III. More particularly, appellant claims that: his union representatives and his employer intentionally concealed information about his grievance; the City and FOP falsely represented to appellant that his grievance would be scheduled for arbitration; and that they did so in order to prevent appellant from timely asserting an unfair labor practice with SERB. As the trial court ably noted, such conduct on the part of FOP, if proven, constitutes a breach of FOP's duty of fair representation under R.C. 4117.11(B)(6). Indeed,

---

[5] Civ.R. 12(H)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction on the subject matter, the court shall dismiss the action."

[6] Civ.R. 8(E)(2) permits a plaintiff to "set forth two or more statements of a claim * * * alternately or hypothetically, either in one count or * * * in separate counts."

appellant cannot possibly prove fraud or civil conspiracy without producing evidence of unfair representation by the FOP. Similarly, the facts alleged in the complaint, if believed, support a violation by the City of R.C. 4117.11(A)(8), for causing or attempting to cause FOP to breach its duty of fair representation. *See Assn. of Cleveland Fire Fighters, Local 93* at ¶ 14.

{¶ 28} In short, the facts alleged in Counts II and IV of the complaint gives rise to an unfair labor practice within the exclusive jurisdiction of SERB. For this reason, appellant's second assignment of error is overruled. Furthermore, because the trial court did not have jurisdiction to hear and determine the unfair labor practice underlying the civil conspiracy claim asserted in Count IV of the complaint, the trial court lacked jurisdiction in that claim as well. Thus, we hold that the trial court did not err when it dismissed Count IV of the complaint, albeit for a different reason than was stated by the trial court, and we overrule appellant's third assignment of error.

{¶ 29} In appellant's fifth and final assignment of error, appellant contends that the trial court erred by dismissing his claims against the City and FOP for a breach of the settlement agreement. More particularly, appellant alleges that the City and FOP failed to remit "back-pay" due and owing him under the terms of the settlement agreement. (Amended Complaint, 19.) As appellant is not a party to the settlement agreement, his claim is based upon his status as a third-party beneficiary to the settlement agreement.

{¶ 30} The City and FOP argue that the settlement agreement does not provide for back-pay and that any such issues are within the exclusive jurisdiction of SERB. The trial court relied on our opinion in *Bailey v. Beasley*, 10th Dist. No. 09AP-682, 2010-Ohio-1146, in concluding that SERB has exclusive jurisdiction of any claim alleging a breach of the settlement agreement. In that case, we stated: "A settlement agreement 'arising out of a collective bargaining agreement between public employees and employers in the state of Ohio, pursuant to R.C. 4117, continue[s] to be subject to the grievance procedure. A common pleas court does not have subject matter jurisdiction over [it].' " *Id.* at ¶ 18, quoting *Bryant v. Witkosky,* 11th Dist. No. 2001-P-0047, 2002-Ohio-1477.

{¶ 31} Based upon the rule of law in *Bailey,* appellant's claim for relief based upon an alleged breach of the settlement agreement remains within the province of the five-step grievance procedure of the collective bargaining agreement. In short, we find that

the trial court did not err in dismissing Count V of appellant's complaint and we overrule appellant's fifth assignment of error.

## V. Conclusion

{¶ 32} Based upon the foregoing, we hold that the claims asserted in appellant's complaint were within the exclusive jurisdiction of SERB and that the trial court was without subject matter jurisdiction to hear and determine such claims. Having overruled each of appellant's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.  Appellant's February 18, 2014 motion to supplement the record on appeal is denied.

*Motion to supplement the record is denied;*
*Judgment affirmed.*

KLATT and LUPER SCHUSTER, JJ., concur.

————————————————