[Cite as *Littlejohn v. Am. Fedn. of State Cty. & Mun. Emps., Ohio Council 8, AFL-CIO*, 2025-Ohio-5492.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| NECOLE LITTLEJOHN, | : | APPEAL NO. | C-250020 |
| | | TRIAL NO. | A-2403410 |
| Plaintiff-Appellant, | : | | |
| | | | |
| vs. | : | | |
| | | | |
| AMERICAN FEDERATION OF STATE, | : | | |
| COUNTY, AND MUNICIPAL | | *JUDGMENT ENTRY* | |
| EMPLOYEES, OHIO COUNCIL 8, AFL- | : | | |
| CIO, | | | |
| | : | | |
| Defendant-Appellee. | | | |
| | : | | |

This cause was heard upon the appeal, the record, the briefs, and arguments.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.

**To the clerk:**

**Enter upon the journal of the court on 12/10/2025 per order of the court.**

**By:**_____
       **Administrative Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | | |
|---|---|---|---|
| NECOLE LITTLEJOHN, | : | APPEAL NO. | C-250020 |
| | | TRIAL NO. | A-2403410 |
| Plaintiff-Appellant, | : | | |
| | | | |
| vs. | : | | |
| | | | |
| AMERICAN FEDERATION OF STATE, | : | | |
| COUNTY, AND MUNICIPAL | | *O P I N I O N* | |
| EMPLOYEES, OHIO COUNCIL 8, AFL- | : | | |
| CIO, | | | |
| | : | | |
| Defendant-Appellee. | | | |
| | : | | |


Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 10, 2025


*The Buckeye Institute, Jay R. Carson* and *David C. Tyron,* for Plaintiff-Appellant,

*Ohio Council 8, AFSCME, AFL-CIO, Kimm A. Massengill-Bernardin* and *Michelle R. Evans,* for Defendant-Appellee.

**NESTOR, Judge.**

{¶1}   In a Catch-22 of her own making, plaintiff-appellant Necole Littlejohn appeals from the court of common pleas.  Littlejohn sought declaratory relief allowing her to recover union membership dues after she withdrew from her union.  She originally filed a complaint with the State Employment Relations Board ("SERB") asking that it declare the automatic deduction of her union dues from her paycheck an unfair labor practice.  After investigating the complaint, SERB determined that the union "did not commit an unfair labor practice."  SERB dismissed the complaint with prejudice.

{¶2}   Littlejohn filed an identical complaint the next month in the court of common pleas against her union, the American Federation of State, County, and Municipal Employees, Ohio Council 8, AFL-CIO ("AFSCME").  AFSCME filed a motion to dismiss for lack of subject matter jurisdiction arguing SERB had exclusive jurisdiction.  The trial court granted the motion, and now Littlejohn appeals asserting two assignments of error.

{¶3}   We hold that SERB has exclusive jurisdiction over her claims, and the trial court correctly dismissed her complaint for lack of subject matter jurisdiction.

## I.  Factual and Procedural History

{¶4}   Plaintiff-appellant Littlejohn is a former member of AFSCME. Littlejohn joined the union in 2016, but in light of the Supreme Court of the United States' decision in *Janus v. Am. Fedn. of State, Cty., & Mun. Emps., Council 31*, 585 U.S. 878 (2018), she decided to terminate her membership.  Prior to *Janus*, "every employee represented by a union - even though not a union member – [was required to] pay to the union, as a condition of employment, a service fee equal in amount to union dues."  *Abood v. Detroit Bd. of Edn.*, 431 U.S. 209, 211 (1977).  In *Janus*, the

3

Supreme Court of the United States overruled *Abood*. *Janus* at 886. Now, a public employee is no longer required to subsidize a union that represents that employee in collective bargaining agreements; the employee can now choose whether to be a union member and pay dues, or to not. *Id.* Employees, like Littlejohn, chose to terminate their union memberships because they could now avoid paying dues even as a nonmember.

{¶5} In the summer of 2021, Littlejohn sent a letter to AFSCME requesting to cancel her membership and to stop deducting dues. The union responded on July 29, 2021, stating it would instruct her "local union to remove [her] name from the membership roster." However, it informed Littlejohn that

> dues deduction will not be stopped at this time because [her] letter does not revoke the dues checkoff authorization card which [she] signed and because any dues revocation request would need to be made and received by the union in accordance with the union's current procedures and within a window period which [she] agreed to when [she] signed the authorization card.

Littlejohn's withdrawal period is in March of each year. She failed to opt out the following March, and AFSCME continued to withdraw dues from her paycheck.

{¶6} Instead of withdrawing in March of 2022, Littlejohn sent a second letter on June 21, 2022, stating her resignation and requesting to stop dues deductions. On July 1, 2022, the union responded with a letter identical to the one sent to Littlejohn the year prior. She again failed to opt out the following March, and AFSCME continued to collect dues.

{¶7} Instead of withdrawing in March of 2023, Littlejohn filed an unfair

4

labor practice charge with SERB alleging that the union violated R.C. 4117.11(B)(1) and (2). SERB investigated the charge and found that "the Union did not commit an unfair labor practice. Ms. Littlejohn did not submit her request to stop dues deductions during the 25 to 10 days prior to the date she signed her Dues Authorization and Membership Card and Checkoff Agreement." On June 20, 2024, SERB dismissed the charge "with prejudice for lack of probable cause to believe the statute has been violated."

{¶8} On July 30, 2024, Littlejohn filed a complaint in the trial court requesting a declaratory judgment on five counts identical to the ones found in her SERB charge, and a sixth count that said, "IN THE ALTERNATIVE, MS. LITTLEJOHN APPEALS SERB'S DECISION." AFSCME filed a motion to dismiss the complaint for lack of subject matter jurisdiction. AFSCME argued that SERB had exclusive jurisdiction to hear Littlejohn's complaint because she brought the same complaint to SERB first and that the contractual counts exclusively fall under SERB's jurisdiction because they allege an unfair labor practice. Additionally, AFSCME argued the court could not review the SERB decision because Littlejohn's charges were dismissed without adjudication, so the decision was not quasi-judicial in nature. The trial court granted AFSCME's motion to dismiss and Littlejohn appealed.

## II. Analysis

{¶9} Littlejohn raises two assignments of error for this court's review. In her first assignment of error, she argues that the trial court erred in determining that her complaint alleged unfair labor practices exclusive to SERB's jurisdiction. In her second assignment of error, she argues that the trial court denied her a forum in violation of the Ohio Constitution's Open Courts Provision.

5

### A. First Assignment of Error

{¶10} In her first assignment of error, Littlejohn argues that the trial court erred in dismissing her complaint for lack of subject matter jurisdiction because these are common law contract claims, not unfair labor practices. She argues that this is not an appeal of SERB's decision.

{¶11} We review the dismissal of a case due to the lack of subject matter jurisdiction de novo. *See Cirino v. Ohio Bur. of Workers' Comp.*, 2018-Ohio-2665, ¶ 17. For the limited purpose of determining its jurisdiction over the matter, the trial court is not required to accept the allegations of the complaint as true but may take into account facts established in the record. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.,* 48 Ohio St.2d 211, 214 (1976). When ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject matter jurisdiction, the trial court must determine if the complaint raises "any cause of action" that is cognizable in the forum court under the applicable law. *See State ex rel. Bush v. Spurlock*, 42 Ohio St. 3d 77, 80 (1989).

{¶12} SERB has exclusive jurisdiction

in two general areas: (1) where one of the parties files charges

with SERB alleging an unfair labor practice under R.C. 4117.11;

or (2) a complaint brought before the court of common pleas

alleges conduct that constitutes an unfair labor practice

specifically enumerated in R.C. 4117.11, and the trial court

therefore dismisses the complaint for lack of subjectmatter [sic]

jurisdiction.

*City of E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125, 127-128 (1994). Additionally, in *Franklin Cty. Sheriff's Dept. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 173 (1991), syllabus, the Supreme

Court of Ohio said, "[A] court of common pleas is without jurisdiction to render a declaratory judgment determining rights that are established or limited by R.C. 4117.11, where the State Employment Relations Board is asked to make the same determination in the context of an unfair labor practice charge." Littlejohn's claims fall squarely within both areas of SERB's exclusive jurisdiction.

{¶13} First, she filed charges with SERB stating she is "entitled to a determination [that AFSCME's] practice of continuing to collect union membership dues from employees after those employees have resigned from the union is unlawful." In her SERB charge, she brought five counts that she labeled as common law contract causes of action; in every count in her SERB charge she asked "THE COURT" to declare an issue related to contract law. She brought a count for recission based on mutual repudiation, for recission based on mutual mistake, for a declaration that "THE CONTRACTS BETWEEN THE PLAINTIFFS AND THE UNION" imposed an unenforceable penalty, for a declaration that the contract between the supposedly plural plaintiffs and the union was unconscionable, and lastly, for unjust enrichment. Though framed as a complaint sounding in contract law, Littlejohn's SERB complaint charged AFSCME with alleged unfair labor practices in relation to the union's collective bargaining agreement. Because Littlejohn filed "charges with SERB alleging an unfair labor practice under R.C. 4117.11," her claims fall under SERB's exclusive jurisdiction. *E. Cleveland Firefighters Local 500,* 70 Ohio St.3d at 127-128.

{¶14} After SERB investigated the charge and determined there was "no probable cause to believe the Charged Party violated R.C. 4117.11," SERB dismissed Littlejohn's complaint with prejudice. Littlejohn then filed this case in the court of common pleas "FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF AND IN THE ALTERNATIVE NOTICE OF APPEAL FROM SERB DECISION." Her

7

complaint was nearly identical to the one filed with SERB and included the same five counts plus a sixth count: "IN THE ALTERNATIVE, MS. LITTLEJOHN APPEALS SERB'S DECISION."

{¶15} AFSCME moved to dismiss because "a court of common pleas is without jurisdiction to render a declaratory judgment determining rights that are established or limited by R.C. 4117.11, where the State Employment Relations Board is asked to make the same determination in the context of an unfair labor practice charge." *Franklin Cty. Sheriff's Dept.*, 59 Ohio St.3d, at syllabus. Because Littlejohn filed with SERB first and asked SERB to make the same determination, SERB had exclusive jurisdiction to hear her case. The trial court did not err in granting the motion to dismiss.

{¶16} Though SERB has exclusive jurisdiction because Littlejohn filed with it first, SERB also has exclusive jurisdiction because her "complaint brought before the court of common pleas allege[d] conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11." *See E. Cleveland Firefighters Local 500,* 70 Ohio St.3d at 128. She also falls within the second general area of SERB's exclusive jurisdiction. *Id.* The court of common pleas would have been without jurisdiction even if Littlejohn filed her complaint there first.

{¶17} Littlejohn argues that she "does not allege an unfair labor practice or conduct that constitutes an unfair labor practice but instead raises a claim that is independent of the rights created by R.C. Ch. 4117," so "jurisdiction is not exclusive to SERB and may be exercised by a common pleas court." *See Ohio Council 8 v. City of Lakewood*, 2025-Ohio-2052, ¶ 1. She argues that her claims are "contractual right[s] derived from the [collective bargaining agreement] that exist[] independently of R.C. Ch. 4117." *See id.* at ¶ 15.

**{¶18}** However, under the *Lakewood* analysis, Littlejohn's contractual claims arise from R.C. Ch. 4117 and are not independent of the collective bargaining agreement. R.C. 4117.09(B)(2) specifically provides that the collective bargaining agreement "[a]uthorizes the public employer to deduct the periodic dues[.]" Though artfully worded, Littlejohn's counts arise from and are dependent on the deduction of periodic dues governed by the collective bargaining agreement. As this court has said, "[A]rtful pleading does not alter the essence of a claim[.]" *Ruehmer v. Queen City Lodge No. 69*, 2021-Ohio-2904, ¶ 32 (1st Dist.). Additionally, she undermines her own argument with the fact that she filed a nearly identical complaint with SERB explicitly alleging an unfair labor practice in violation of R.C. 41117.09(B)(1) and (2). Littlejohn has alleged an unfair labor practice that is exclusive to SERB's jurisdiction.

**{¶19}** Our sister district decided this very issue when it was determined that instead of having five common law contract causes of action, the plaintiffs had alleged violations of rights under R.C. Ch. 4117. *Darling v. Am. Fedn. of State, Cty. and Mun. Emps.*, 2024-Ohio-2181, ¶ 20 (10th Dist.). In *Darling*, former union members filed a complaint in the court of common pleas seeking relief from the union's continued collection of dues after their resignations. *Id.* at ¶ 6. The Tenth District held that while the complaint was framed as contract claims, the conduct complained of concerned whether the union "breached its agreement with its former members," "whether compelled payroll deductions for membership dues violate the rights guaranteed to public employees under R.C. Chapter 4117," and "whether the public employers' actions violated their respective collective bargaining agreements." *Id.* at ¶ 19. These issues, almost identical to those presented by Littlejohn, fell under SERB's exclusive jurisdiction. *Id.* at ¶ 22.

**{¶20}** Littlejohn argues she is in a Catch-22. In her view, SERB does not have

jurisdiction to hear her complaint and neither does the court of common pleas; she is without relief. This, however, mischaracterizes SERB's actions. SERB did not dismiss her complaint for lack of jurisdiction over her supposed contract claims. Instead, SERB investigated her complaint and dismissed the charge "with prejudice for lack of probable cause" that an unfair labor practice occurred. And because SERB dismissed her complaint, the court of common pleas cannot review her dismissal on appeal. *See State ex rel. Leigh v. State Emp. Relations Bd.*, 76 Ohio St.3d 143, 144 (1996) ("[p]robable cause determinations by SERB under R.C. 4117.12(B) are not reviewable by direct appeal"). Her Catch-22 arises simply from her displeasure with SERB's ruling and may be more appropriately classified as an attempted second bite at the apple.

{¶21} Littlejohn has another option that she has not chosen to exercise. Instead of filing a complaint with the court of common pleas, "mandamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by SERB." *Id.* at 145; *see State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp. Relations Bd.*, 66 Ohio St.3d 157, 159 (1993). Littlejohn may still seek a writ of mandamus "to correct an abuse of discretion by SERB to dismiss unfair labor practice charges." *Id.*

{¶22} Accordingly, we overrule appellant's first assignment of error.

### B. Second Assignment of Error

{¶23} In her second assignment of error, Littlejohn asserts that the trial court's dismissal of her complaint violates the Ohio Constitution's Open Courts Provision. Article I, Section 16, of the Ohio Constitution states, "[A]ll courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered

without denial or delay."

{¶24} For an appeal to arise from an administrative decision, the proceedings must have been quasi-judicial in nature. *M. J. Kelley Co. v. Cleveland*, 32 Ohio St.2d 150, 153 (1972). A court may "review . . . proceedings of administrative officers and agencies, authorized by Section 4(B), Article IV of the Ohio Constitution, [for] *quasi-judicial proceedings only*[.]" (Emphasis added.) *Id.* at syllabus. As such, "administrative actions of administrative officers and agencies not resulting from quasi-judicial proceedings are not appealable to the Court of Common Pleas under the provisions of R. C. 2506.01." *Id.*

{¶25} When SERB dismisses a complaint, it is not judicial in nature, and the party that filed the charge cannot appeal. *See State ex rel. Leigh*, 76 Ohio St.3d at 144. When a party files a charge with SERB alleging an unfair labor practice, the board "shall investigate the charge. If the board has probable cause for believing that a violation has occurred, the board shall issue a complaint and shall conduct a hearing concerning the charge." *Id.* If SERB dismisses a charge, however, then the board does not conduct a hearing, and the proceedings are not quasi-judicial. *See Gunn v. Euclid Teachers Assn.*, 65 Ohio App.3d 312, 316 (8th Dist. 1989) ("In the absence of a finding of probable cause by SERB, their decision cannot be deemed quasi-judicial in nature.").

{¶26} Here, SERB dismissed the complaint "with prejudice for lack of probable cause to believe the statute has been violated." SERB's dismissal of Littlejohn's charge was not quasi-judicial in nature and therefore she cannot appeal that decision to the court of common pleas.

{¶27} There is no violation of Section 4(B), Article IV of the Ohio Constitution because while Littlejohn does not have a statutory right to appeal, she still has another

option. "[M]andamus is an appropriate remedy where no statutory right of appeal is available to correct an abuse of discretion by SERB." *State ex rel. Leigh* at 145, citing *State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO,* 66 Ohio St.3d at 159. A court will issue a writ of mandamus "to correct an abuse of discretion by SERB to dismiss unfair labor practice charges." *Id.,* citing *State ex rel. Ohio Assn. of Public School Emps./AFSCME, AFL-CIO v. State Emp. Relations Bd.*, 64 Ohio St.3d 149, 151-152 (1992). Mandamus remains the proper option for Littlejohn.

{¶28} Accordingly, we overrule appellant's second assignment of error.

### III. Conclusion

{¶29} Having overruled both of appellant's assignments of error, we affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **MOORE, J.,** concur.