# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
CARROLL COUNTY

MATTHEW SHELDON,

Plaintiff-Appellant,

v.

OHIO ASSOCIATION OF PUBLIC SCHOOL EMPLOYEES/AMERICAN
FEDERATION OF STATE, COUNTY and MUNICIPAL EMPLOYEES,
LOCAL 541 - CARROLLTON EXEMPTED VILLAGE SCHOOLS, et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 25 CA 0985

---

Civil Appeal from the
Court of Common Pleas of Carroll County, Ohio
Case No. 2025CVH30642

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Jay R. Carson*, *Atty. David C. Tryon* and *Atty. J. Simon Peter Mizner*, The Buckeye Institute, for Plaintiff-Appellant Matthew Sheldon

*Atty. Dave Yost*, Ohio Attorney General and *Atty. Lori J. Friedman*, Principal Assistant Attorney General, Executive Agencies Section - Labor Relations Unit, for Defendant-Appellee State Employment Relations Board

*Atty. Thomas C. Drabick, Jr.*, Director of Legal Services, Ohio Association of Public School Employees, *Atty. Jacob Karabell* and *Atty. Derrick C. Rice*, Bredhoff & Kaisser PLC, for Defendants-Appellees Ohio Association of Public School Employees and AFSCME Local 541

Dated:  November 14, 2025

––––––––––––––––––––

**WAITE, J.**

{¶1}    Appellant Matthew Sheldon was employed by Carrollton Exempted Village Schools.  Appellant joined Ohio Association of Public School Employees, Local 541 (OAPSE), in 2016.  Appellant later decided to terminate his union membership, and he contends he withdrew from the union in December of 2023.  The union, however, instructed the school district to continue deducting his union dues.  The union contract contained a provision that specified a time window in August of each year in which an employee who chose to leave the union could rescind their authorization for deducting union dues.  Appellant has never utilized this time window.  Instead, Appellant filed a complaint asking the court to declare that his union membership had been rescinded and that continued withdrawal of union dues penalized him and was unjust.  The trial court determined that the complaint attempted to skirt the jurisdiction of the State Employment Relations Board (SERB) in R.C. 4117, the common pleas court did not have jurisdiction to hear the complaint, and that the matters in the complaint must be brought before SERB. The court dismissed the complaint pursuant to Civ.R. 12(B)(1).  Appellant simply argues on appeal that under *Janus v. Am. Fedn. of State, Cty., & Mun. Employees, Council 31*, 585 U.S. 878 (2018), he cannot be forced to continue to pay union dues.  The issues

raised by Appellant have been raised and thoroughly reviewed in a recent case from the Tenth District, *Darling v. Am. Fedn. of State, Cty., & Mun. Employees*, 2024-Ohio-2181 (10th Dist.). The *Darling* court determined that SERB has exclusive jurisdiction to determine these kinds of issues. Appellant is alleging an unfair labor practice violation under R.C. 4117.03 and 4117.11. An unfair labor practice violation within the exclusive jurisdiction of SERB to resolve. Therefore, the trial court was correct in dismissing Appellant's complaint and the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶2} Because this case arises from a dismissal on the pleadings pursuant to Civ.R. 12(B)(1), the allegations in the pleadings must be taken as true. On August 19, 2016, Appellant signed a contract in which he agreed to become a member of OAPSE (the "Agreement"). As part of that Agreement, Appellant authorized the Carrollton Exempted Village School District ("School District") to deduct union dues from his wages. That authorization specified the time and manner of withdrawing that authorization should an employee seek to withdraw from the union: "This authorization shall remain in effect during my employment unless withdrawn by me in the manner provided in the Collective Bargaining Agreement between the Employer and OAPSE, or, where there is no provision for withdrawal in the Agreement, only during a 10-day period from August 22 through August 31." (Complaint, Exh. A.).

{¶3} On January 17, 2025, Appellant filed a complaint in the Carroll County Court of Common Pleas naming OAPSE and SERB as defendants. The complaint contained six counts. Appellant requested declaratory judgment and injunctive relief as to whether the Agreement between Appellant and OAPSE had been rescinded due to mutual

Case No. 25 CA 0985

repudiation and mutual mistake; whether the continued deduction of union dues was an unenforceable penalty; whether the Agreement is a contract of adhesion; and whether the continued deduction of dues created unjust enrichment in the union. The complaint cites and relies on R.C. Chapter 4117 for each count. Appellant also raised one claim against SERB seeking the court to declare whether SERB had jurisdiction over the claims asserted in the complaint. Appellant filed an amended complaint ("Complaint") on March 13, 2025 raising substantially the same claims.

{¶4} In his Complaint, Appellant alleges he is a custodian for the School District. Appellant was a member of OAPSE, and he signed a "Deduction Card" on August 19, 2016 allowing for union dues to be deducted from his pay. The Complaint states that "Plaintiff authorizes the deduction of dues from Plaintiff's salary in exchange for the benefits of Union membership." (Complaint p. 5.) He alleges that the collective bargaining contract between OAPSE and the School District contains a provision for the deduction of union dues. Appellant now disagrees with OAPSE's political advocacy and collective-bargaining activities. Appellant alleges that he resigned from OAPSE in December of 2023. He claims he requested to withdraw his authorization to deduct dues from his pay on several occasions. OAPSE denied his requests because they were made outside the annual window period contained in the Agreement for making such a request.

{¶5} On March 25, 2025, SERB moved for dismissal as a party for lack of a case or controversy involving SERB.

{¶6} On April 1, 2025, OAPSE filed a motion to dismiss on the grounds that SERB has exclusive jurisdiction over the issues raised in the Complaint, all of which

actually allege OAPSE engaged in an unfair labor practice by authorizing the deduction of union dues after Appellant had withdrawn from the union.

{¶7} The trial court ruled on the motions on April 25, 2025. The court held that SERB had exclusive jurisdiction over the claims in the Complaint, and thus the court of common pleas did not have jurisdiction to hear the Complaint. The court granted OAPSE's motion to dismiss, noting that Appellant had raised "several competing claims for relief in an attempt to skirt the jurisdictional requirements of R.C. 4117." (4/25/25 J.E., p. 1.) The court held that SERB's motion to dismiss was moot, since the complaint was dismissed in its entirety. This timely appeal was filed by Appellant Matthew Sheldon on May 7, 2025. OAPSE and SERB have filed separate briefs. Appellant's two assignments of error are related and will be treated together.

## ASSIGNMENT OF ERROR NO. 1

THE TRIAL COURT ERRED BY TREATING THE PLAINTIFF'S CLAIMS, WHICH RELATED TO HIS PRIVATE CONTRACTS WITH DEFENDANT UNION, AS CLAIMS FOR UNFAIR LABOR PRACTICES SUBJECT TO SERB'S EXCLUSIVE JURISDICTION.

## ASSIGNMENT OF ERROR NO. 2

THE TRIAL COURT ERRED BY DENYING THE PLAINTIFF A FORUM IN WHICH TO BRING HIS CONTRACTUAL AND DECLARATORY JUDGMENT CLAIMS IN VIOLATION OF THE OHIO CONSTITUTION'S OPEN COURTS PROVISION.

Case No. 25 CA 0985

**{¶8}** Appellant's complaint alleged that OAPSE continued to authorize the deduction of union dues from his pay after his withdrawal from the union. It was dismissed based on the motion filed by OAPSE, which sought Civ.R. 12(B)(1) dismissal for lack of subject matter jurisdiction. "Subject-matter jurisdiction involves a court's power to hear and decide a case on the merits." *Foy v. State AG*, 2022-Ohio-62, ¶ 7 (10th Dist.). Civ.R. 12(B)(1) requires dismissal of an action if the trial court lacks jurisdiction over the subject matter of the litigation. *Id.* A motion made pursuant to Civ.R. 12(B)(1) is procedural, and tests the sufficiency of the complaint. *Robinson v. Proctor*, 2006-Ohio-7063, ¶ 12 (7th Dist.). "In deciding a Civ.R. 12(B)(1) motion, a court must dismiss for lack of subject-matter jurisdiction if the complaint fails to allege any cause of action cognizable in the forum." *Foy* at ¶ 7. We undertake a de novo review when a trial court dismisses a complaint under Civ.R. 12(B)(1). *Rimby v. Heritage Union Title Co. Ltd.*, 2021-Ohio-3635, ¶ 23 (7th Dist.).

**{¶9}** Appellant's complaint contains allegations regarding five contract law claims, and one claim against SERB requesting declaratory judgment as to their jurisdiction to hear the first five claims. The common thread between all of these claims is that OAPSE continues to ask the School District, a public employer, to deduct union dues from Appellant's paycheck even though Appellant has withdrawn from the union. The common remedy sought throughout the complaint is for the dues deduction to cease and for past dues to be refunded. Appellant fully accepts that he freely joined the union, he freely agreed to pay dues, there was a contract between himself and OAPSE that specified a window of time in which to withdraw his authorization for dues to be deducted, and that he did not make his request during that window.

{¶10} R.C. Chapter 4117 contains a comprehensive framework for resolving public-sector labor disputes. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 169 (1991). SERB has exclusive jurisdiction to resolve unfair labor practices listed in R.C. 4117.11. *Id.* at 171. "Exclusive jurisdiction to resolve unfair labor practice charges is vested in SERB in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11." *State ex rel. Ohio Dept. of Mental Health v. Nadel*, 2003-Ohio-1632, ¶ 23. A court of common pleas has no jurisdiction to render declaratory judgment over rights established or governed by R.C. 4117.11. *E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125 (1994), syllabus.

{¶11} R.C. 4117.11(B)(1) states: "It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to: (1) Restrain or coerce employees in the exercise of the rights guaranteed in Chapter 4117." R.C. 4117.03 states: "(A) Public employees have the right to: (1) Form, join, assist, or participate in, or refrain from forming, joining, assisting, or participating in . . . any employee organization of their own choosing[.]"

{¶12} Appellant acknowledges in his brief that the claims raised in his complaint are identical to those raised in *Darling v. Am. Fedn. of State, Cty., & Mun. Employees*, 2024-Ohio-2181 (10th Dist.), *appeal not accepted*, 2024-Ohio-4713. "In another case, the Tenth District Court of Appeals held that claims identical to Mr. Sheldon's may only be heard in SERB." (Appellant's Brf., p. 2.) Appellant argues, however, that the *Darling*

court was wrong in concluding that SERB is the only forum in which these types of claims must be litigated. Appellant believes that SERB will rule against him and will refuse to review his claims of mutual repudiation, mutual mistake, unenforceable penalty, contract of adhesion, and unjust enrichment. Appellant cites to a SERB decision, which he believes is based on facts similar to those in his case, where SERB ruled that it was not an unfair labor practice for a union to continue accepting union dues after an employee withdraws from the union when the request to withdraw authorization to deduct dues did not occur within the time window for doing so specified in the union contract. *Littlejohn v. Ohio Council 8, AFSCME, AFL-CIO*, Case No. 2023-ULP-12-0146. However, the *Littlejohn* opinion did not discuss any of the types of contract claims raised in Appellant's complaint. Instead, the administrative body in *Littlejohn* held that there was no probable cause to believe R.C. 4117.11 was violated. It held that Ms. Littlejohn did not submit her request to stop dues within the two-week window set in the union contract, and that "the Union is within its rights to specify the time period within which members must submit valid requests to stop dues deductions . . . ." *Id.*

{¶13} Based on the SERB findings in *Littlejohn* and the appellate decision in *Darling*, Appellant argues that if neither the Court of Common Pleas nor SERB is willing to hear the contract claims presented in his complaint, he is left with no available forum to decide his claims. Hence, Appellant contends he should be permitted to bring common law contract claims to the Court of Common Pleas, particularly since he believes the claims will be rejected or ignored by SERB.

{¶14} Appellant further urges that SERB does not have jurisdiction over common law contractual rights that exist independently of R.C. Chapter 4117. *Franklin Cty. Law*

Case No. 25 CA 0985

*Enforcement Assn.* at 171. Appellant asserts that he has an independent right to bring common law contract claims in the court of common pleas, even when those claims arise out of collective bargaining agreements. *Ohio Council 8, AFSCME, AFL-CIO v. Lakewood*, 2025-Ohio-2052, ¶ 2. The issue in *Lakewood* was whether the union could force the City of Lakewood to abide by an arbitration clause in a collective bargaining agreement (CBA), or whether SERB had exclusive jurisdiction over the firing of an employee. The *Lakewood* court concluded that the union's motion to compel arbitration did not allege that the City of Lakewood engaged in an unfair labor practice. *Id.* at ¶ 31. As such, it reasoned that R.C. 4117.09(B)(1) allows a party to a CBA to "bring suits for violation of agreements . . . in the court of common pleas." *Id.* at ¶ 17. The court held that SERB did not have exclusive jurisdiction under the facts of the case and remanded it to the court of common pleas.

**{¶15}** *Lakewood* was not the case in which the Ohio Supreme Court held that arbitration clauses in a CBA can be litigated in the court of common pleas. *See E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F.*, 70 Ohio St.3d 125 (1994).

**{¶16}** Appellant relies on *Lakewood* knowing full well that the contract in dispute here is not a CBA, but a contract between a union member and his union. Appellant contends, apparently, that a contract between a union member and a union can never fall under the exclusive jurisdiction of SERB because such a contract cannot regulate collective bargaining topics. This argument is specious, as Appellant must be aware from the wording of his own Complaint. The Complaint states that SERB's jurisdiction is limited to unfair labor practices in R.C. 4117.11. Count one alleges an unfair labor practice against OAPSE pursuant to R.C. 4117.11(B), and the Complaint repeatedly cites *Darling*,

which deals with an alleged unfair labor practice of a union authorizing payroll deduction of dues after an employee has sought to withdraw from the union. Employee allegations of unfair labor practices against their unions constitute an entire subclass of R.C. 4117.11 SERB cases. *See, e.g., State ex rel. Staple v. State Emp. Relations Bd.*, 2024-Ohio-140 (10th Dist.); *Ruehmer v. Queen City Lodge*, 2021-Ohio-2904 (1st Dist.); *Readinger v. Mun. Construction Equip. Operators*, 2019-Ohio-1436 (8th Dist.); *State ex rel. Ames v. State Emp. Relations Bd.*, 2019-Ohio-1003 (10th Dist.); *State ex rel. McClair v. State Emp. Relations Bd.*, 2018-Ohio-326 (6th Dist.); *Murray v. Columbus*, 2014-Ohio-2790, ¶ 20 (10th Dist.). There is no question that SERB can resolve the dispute alleged in Appellant's complaint.

{¶17} Appellee argues that one cannot simply recraft an unfair labor practice claim as a breach or recission of contract claim and expect to avoid the exclusive jurisdiction of SERB. The labor practices that fall under the jurisdiction of SERB are quite broad. R.C. 4117.11(B)(1) states that it is "an unfair labor practice for an employee organization . . . to [r]estrain or coerce employees in the exercise of the rights guaranteed in Chapter 4117." R.C. 4117.11(B)(2) states that it is an unfair labor practice for a union to "cause . . . an employer" to violate an employee's rights. R.C. 4117.03(A)(1) provides that public employees have the right to refrain from assisting or participating in any employee organization. Despite Appellant's contention that he is not asking the court to decide an unfair labor practice, the complaint clearly delineates that what Appellant seeks is a declaration that it is unfair for OAPSE to continue to deduct union dues (or continue ordering a public employer to deduct dues) after the employee believes that he has withdrawn from the union. Appellant raises various theories as to why the deduction of

such dues is unfair, but it is apparent that Appellant signed the Agreement with OAPSE allowing dues to be deducted and that the Agreement specifically authorizes an exclusive time period for withdrawing consent to deduct dues. That time period is from August 22 through August 31 of any year.

{¶18} Appellant alleges that he resigned from the union in December of 2023. He concedes he did not resign within the annual window period for withdrawing consent to deduct union dues. Appellant contends that his resignation from the union and his rescission of authorization to deduct dues should have been recognized immediately, regardless of when he withdrew his consent. He contends that he is being compelled against his will to continue to pay dues, and that he is providing monetary support for speech that he does not agree with in violation of his First Amendment rights. These allegations are identical to the assertions and claims raised in the *Darling* case, as Appellant admits.

{¶19} *Darling* recognized that not all claims touching upon R.C. Chapter 4117 fall under the exclusive jurisdiction of SERB. *Id.* at ¶ 2. Certain First Amendment rights may be raised in a common pleas court even though they might also relate to the collective bargaining relationship between employee, employer, and union. *Id.* at ¶ 13, citing *Franklin Cty. Law Enforcement Assn.*, *supra*. Without laboring over this issue, *Darling* noted that there are other claims that an employee can bring against a union and public employer that do not invoke the exclusive jurisdiction of SERB, such as a claim under the Public Records Act. *Id.* at ¶ 14.

{¶20} *Darling* also reiterated the longstanding maxim that creative pleading does not change the nature of a claim. Even if a complaint labels each count as a violation of

some aspect of contract law, SERB has exclusive jurisdiction if the essence of the claim amounts to an allegation of a violation of collective bargaining rights as described in R.C. Chapter 4117.11. *Id.* ¶ 20.

{¶21} Appellees' analysis is the same as that contained in the *Darling* case. Appellant's Complaint is very clear as to the essence of his claim: that it is an unfair labor practice for the union to deduct dues after Appellant withdrew his union membership, and union dues must stop being withdrawn and prior dues must be returned. Appellant does not deny that he willingly joined OAPSE and willingly agreed for union dues to be deducted pursuant to the Agreement. Although framed in terms of contract law, the core of the first five counts in Appellant's Complaint is that OAPSE improperly instructed the School District to deduct union dues after he resigned from the union. The sixth count against SERB seeks declaratory judgment as to whether or not SERB has jurisdiction over the Complaint.

{¶22} The language of the Complaint itself clearly sets out that unfair labor practices are being alleged. Appellant uses the word "unfair" thirteen times in his Complaint, and discusses unfair labor practices eleven times. OAPSE is alleged to have violated R.C. 4117.03(A)(1), which is the right of a public employee to refrain from assisting a labor organization. Violation of this right is an unfair labor practice, and thus is also a violation of R.C. 4117.11(B)(1), which is a catch-all provision: "It is an unfair labor practice for an employee organization . . . to: (1) Restrain or coerce employees in the exercise of the rights guaranteed in Chapter 4117." The complaint specifically refers to violations of R.C. 4117.03 and relies on many sections of R.C. Chapter 4117 to form its argument.

Case No. 25 CA 0985

**{¶23}** Claims remarkably similar to those contained in Appellant's Complaint have been raised in prior SERB proceedings, and invalid dues authorizations have resulted in decisions favorable to employees. For example, in *AFSCME, OCSEA, Local No. 11,* SERB No. 87-ULP-05-0217, 6 OPER ¶ 6397, 1989 WL 1703609 (May 12, 1989), SERB addressed a situation where the union refused to stop deducting dues after the union had ratified a new contract but before the employer had ratified it. SERB concluded that the union had misled employees into believing they could withdraw their memberships if they were not satisfied with the new bargaining agreement, and the union failed to inform employees of the rules governing withdrawal of authorization for deducting union dues. The union was ordered to return the withheld dues with interest.

**{¶24}** Appellees cite to this case to demonstrate that Appellant is able to fully litigate his claims in a SERB proceeding, and Appellant's contention that he is foreclosed from doing so and that no forum exists to hear his complaint is meritless. Appellees argue that not only can the Complaint be heard by SERB, it must be heard by SERB, because Appellant alleges a violation of collective bargaining rights under R.C. 4117.11 which falls to the exclusive purview of SERB.

**{¶25}** The SERB cases earlier cited, *Littlejohn* and AF*SCME, OCSEA Local No. 11*, allow us to dispense with Appellant's second assignment of error that there is no forum in which he may litigate his dispute with the union. Appellant may file an unfair labor practice charge with SERB pursuant to R.C. Chapter 4117. Once a party files such a charge, SERB is required to investigate the charge and determine whether probable cause exists. R.C. 4117.12. If SERB determines there is probable cause, SERB will issue a complaint and conduct a hearing on the charge. R.C. 4117.12(B). A final order

following an adjudication of an unfair labor practice charge is reviewable by the courts. Even if SERB finds no probable cause, Appellant could seek redress in court by filing a mandamus action. "An action in mandamus is the appropriate remedy to obtain judicial review of orders by the State Employment Relations Board dismissing unfair labor practice charges for lack of probable cause." *State ex rel. Serv. Employees Intern. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173 (1998), syllabus. Hence, Appellant's contentions that vesting jurisdiction in SERB in his case would result in violation of Ohio's Open Court Provision also fails.

{¶26} Appellant argues that SERB's *Littlejohn* decision is not proof that SERB has jurisdiction of his claim because *Littlejohn* does not state that SERB had jurisdiction anywhere in its opinion. On the contrary, *Littlejohn* did assert SERB had jurisdiction by stating: "Pursuant to R.C. 4117.12, the State Employment Relations Board (SERB) conducted an investigation of this charge." Although it did not use the word "jurisdiction," it cited the statute that sets out SERB's jurisdiction over the issue.

{¶27} Regarding Appellant's contention that the court of common pleas has jurisdiction over the allegations in his complaint, he does not raise any arguments that were not considered and rejected in *Darling*. Additionally, Appellees cite other recent common pleas cases that have also considered and rejected the same type of arguments put forth by Appellant. *Littlejohn v. AFSCME*, Hamilton C.P. No. A2403410 (Dec. 16, 2024); *Chandler v. OAPSE*, Stark C.P. No. 2025CV00690 (Aug. 18, 2025); *Vanderveer v. OAPSE*, Fulton C.P. No. 25CV093 (Aug. 22, 2025).

{¶28} Appellant relies heavily on *Janus v. Am. Fedn. of State, Cty., & Mun. Employees, Council 31*, 585 U.S. 878 (2018) for his rationale that he cannot be forced to

Case No. 25 CA 0985

continue to pay union dues, regardless of the terms of the Agreement or the clause that specifies the time window for withdrawing dues authorizations. *Janus* overturned prior precedent contained in *Abood v. Detroit Bd. of Ed.*, 431 U.S. 209 (1977). The *Janus* Court held that it was a violation of the First Amendment right of free speech to require an employee to pay a union agency fee (a pro rata share of the cost of union representation) as a condition of public employment. Regarding the First Amendment, the Court held that employees could not be forced to subsidize the views and beliefs of the union. The issue in *Janus* was a federal constitutional claim alleging that all non-member union fee deductions were coerced support of political speech. This issue is not being raised by Appellant, obviously because he admits he consented to the deduction of union dues. In *Janus*, the employee (Mark Janus) had never joined the union and never agreed to support the views of the union. *Janus* held that "public-sector unions may no longer extract agency fees from nonconsenting employees" and that dues may not be collected "unless the employee affirmatively consents to pay." *Id.* at paragraph three of the syllabus.

{¶29} The issue in the instant appeal involves purely a matter of state law: whether a designated state agency, SERB, has exclusive jurisdiction over an alleged unfair labor practice of a union continuing to ask the public employer to deduct union dues, and when the employee has failed to abide by the opt-out time window contained in the contract with his union. *Janus* did not dismantle or change state collective bargaining law in any way, and reasoned that: "States can keep their labor-relations systems exactly as they are—only they cannot force nonmembers to subsidize public-sector unions." *Id.* at 928, fn. 27. *Janus* did not dismantle state contract law either, and

Case No. 25 CA 0985

if Appellant truly wished to frame his complaint as a contract question, he would simply have asked for a declaration of the meaning and significance of the withdrawal of consent provision contained in the Agreement. It is clear there is no dispute over this provision, however. The Agreement requires that the request to withdraw consent may only be made during a 10-day period from August 22 through August 31. Hence, the trial court was correct in dismissing Appellant's Complaint in this matter for lack of jurisdiction.

{¶30} Additionally, SERB argues it was entitled to dismissal from the case because as to it, Appellant seeks an advisory opinion regarding whether SERB has jurisdiction over any of the counts in the Complaint. SERB contends that it is not a party to the controversy between Appellant and OAPSE. Appellant seeks no relief from SERB, and in fact, specifically does not want any relief SERB may provide. It is obvious that SERB is not part of any case or controversy raised in Appellant's Complaint. Appellant appears to be asking for an advisory opinion from SERB regarding its jurisdiction, and courts and administrative tribunals do not issue advisory opinions except under very limited circumstances not present here. *Kline v. Newton Falls*, 2023-Ohio-3841, ¶ 11 (11th Dist.) Therefore, SERB was misjoined pursuant to Civ.R. 21.

{¶31} While SERB's argument is correct, there is no reversible error in the trial court's failure to directly grant SERB's motion to dismiss. As the trial court correctly dismissed the Complaint on jurisdictional grounds, in the process SERB's motion for dismissal became moot, as the trial court determined in its judgment entry.

## Conclusion

{¶32} Appellant was a member of a union, OAPSE, who later desired to terminate his union membership. As the union contract specified a window of time in which an

employee could rescind the authorization for deducting union dues and Appellant did not use that window, the union instructed the school district to continue deducting his union dues. Appellant filed a Complaint asking the court to declare that his union membership was rescinded and that continued withdrawal of union dues amounted to an unjust penalty. The trial court dismissed the Complaint for lack of jurisdiction, holding that SERB had exclusive jurisdiction under R.C. 4117.11. As Appellant's Complaint alleges unfair labor practice violations under R.C. 4117.03 and 4117.11, and such violations fall under the exclusive jurisdiction of SERB to resolve. Identical issues have been addressed and rejected by the Tenth District in the *Darling* case, Appellant's reliance on the United States Supreme Court *Janus* case is unpersuasive, as that case prohibited only the deduction of dues from employees who never consented to join the union. *Janus* did not change any other aspect of state collective labor law. Therefore, the trial court did not err in dismissing Appellant's complaint. Appellant's two assignments of error are overruled, and the judgment of the trial court is affirmed.

Robb, P.J. concurs.

Dickey, J. concurs.

Case No. 25 CA 0985

_____

For the reasons stated in the Opinion rendered herein, Appellant's assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Carroll County, Ohio, is affirmed.  Costs to be taxed against the Appellant.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**