[Cite as *Vanderveer v. Ohio Assn. of Pub. School Emp.*, 2026-Ohio-964.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

| | |
|---|---|
| Katrina Vanderveer | Court of Appeals No. {26}F-25-007 |
| Appellant | Trial Court No. 25 CV 093 |
| v. | |
| Ohio Association of Public School Employees etc., et al. | **DECISION AND JUDGMENT** |
| Appellees | Decided: March 20, 2026 |

* * * * *

Jay R. Carson, David C. Tryon, and
J. Simon Peter Mizner, for appellant.

Lori J. Friedman, for appellee, State
Employment Relations Board.

Thomas C. Drabic, Jr., for appellee Ohio
Association of Public School Employees,
American Federation of State, County, and
Municipal Employees, Local 660-Pike-Delta-
York Local School District

* * * * *

**MAYLE, J.**

{¶ 1} Plaintiff-appellant, Katrina Vanderveer, appeals the August 22, 2025

judgment of the Fulton County Court of Common Pleas, dismissing her complaint against

defendants-appellees, Ohio Association of Public School Employees, American

Federation of State, County, and Municipal Employees, Local 660-Pike-Delta-York Local

School District ( "the union"), and the State Employment Relations Board ("SERB").

For the following reasons, we affirm.

## I. Background

{¶ 2} Katrina Vanderveer filed this action in the Fulton County Court of Common Pleas, alleging the following facts. Vanderveer is a paraprofessional employed by Pike-Delta-York Local School District. Believing that union membership was required as a condition of her employment, Vanderveer signed a membership application and dues check-off authorization on October 14, 2022. That application and authorization provided as follows:

> I hereby apply (or reapply) for membership in . . . OAPSE/AFSCME Local 4 AFL-CIO (hereinafter "OAPSE" or the "Union) and I agree to abide by its Constitution and By-laws. I authorize the Union and its successor or assign as my bargaining agent on matters of wages, hours, working conditions or other matters that may affect my employment. I further authorize and direct my Employer to deduct OAPSE State dues and Local dues (current or as increased) from my salary or wages and remit the same to the OPASE State Treasurer. This voluntary authorization of dues deduction and assignment shall be irrevocable, regardless of whether I am or remain a member of the Union, for a period of one year from the date that I signed and shall automatically renew from year-to-year thereafter, unless I give to the OAPSE State Treasurer written notice of revocation signed by me during the ten-day period before the end of the initial one-year term or any renewal year thereafter. I further agree that dues deduction may not be revoked at any other time or in any other manner except as provided herein. Dues, contributions, or gifts to OAPSE are not tax deductible as charitable contributions for federal income tax purposes. However, they may be tax deductible as ordinary and necessary business expenses. This membership applications/dues check-off authorization supersedes any prior membership application/dues check-off authorization I have signed. I recognize that my authorization of dues deductions and the continuation of such authorization from one year to the next is voluntary and not a condition of my employment.

2.

{¶ 3} After realizing that membership was not mandatory, Vanderveer made attempts to resign her membership by writing letters to union officials in June and October of 2024.  The union acknowledged her resignation in an October 16, 2024 letter, but dues continued to be withheld from her paychecks.  In November of 2024, Vanderveer made multiple demands to the union and her employer to discontinue withholding dues, but the deductions continued.  In a letter dated December 2, 2024, the union again acknowledged Vanderveer's resignation from the union, but told her that the terms of her membership contract required her to continue paying dues.

{¶ 4} Vanderveer filed a complaint for declaratory judgment and injunctive relief against the union and SERB.  In her complaint, Vanderveer sought a declaration from the court that (1) the contract between her and the union was rescinded based on mutual repudiation; (2) the contract between her and the union imposes an unenforceable penalty; (3) the contract between her and the union is an unconscionable contract of adhesion; (4) the union has been unjustly enriched by the continued deduction of membership dues from her paycheck; and (5) SERB either does or does not have jurisdiction to resolve Vanderveer's contract-based claims against the union—Vanderveer alleged that SERB had previously taken the position that it does not.

{¶ 5} The union filed a motion to dismiss Vanderveer's complaint for lack of subject-matter jurisdiction.  It claimed that Vanderveer's complaint alleged violations of her right under R.C. Chapter 4117 to refrain from supporting a union, which, it insisted, must be brought in the first instance before SERB.  SERB also filed a motion to dismiss.  It claimed that there was no case or controversy before SERB, no claim over which

3.

SERB has jurisdiction, and no relief sought from SERB.  SERB insisted that Vanderveer had sought an advisory opinion from the court.

{¶ 6} In a judgment journalized on August 22, 2025, the trial court agreed with the union and SERB.  It concluded that Vanderveer's claims against the union were inextricably linked to R.C. Chapter 4117 and thus fell under SERB's exclusive jurisdiction.  It dismissed her claims without prejudice for lack of subject matter jurisdiction.  The court also dismissed without prejudice Vanderveer's claim against SERB.  It found that her claim was not justiciable because it sought an advisory opinion without an actual controversy.

{¶ 7} Vanderveer appealed.  She assigns the following errors for our review:

> ASSIGNMENT OF ERROR NO.1: The trial court erred by treating the Plaintiff's claims, which arose under the common law of contracts, as unfair labor practice claims arising out of R.C. 4117 and subject to SERB's exclusive jurisdiction.

> ASSIGNMENT OF ERROR NO.2: The trial court erred by denying the Plaintiff a forum in which to bring his (sic) contractual and declaratory judgment claims in violation of the Ohio Constitution's Open Courts Provision.

## II.  Law and Analysis

{¶ 8} Vanderveer challenges the trial court's decision, which (1) granted the union's motion to dismiss on the basis that SERB has exclusive jurisdiction over her claims, and (2) dismissed her claim against SERB as seeking an advisory opinion.  She argues in her first assignment of error that her claims arose under the common law of contracts and not under R.C. Chapter 4117, and she denies that she is seeking an advisory

4.

opinion. She claims in her second assignment of error that the trial court's decision violates the Ohio Constitution's open courts provision.

### A. Subject-Matter Jurisdiction

{¶ 9} In her first assignment of error, Vanderveer claims that the trial court erred when it treated her claims as unfair-labor-practice claims subject to the exclusive jurisdiction of SERB instead of treating them like common-law contract claims. She insists that her contractual rights are independent of R.C. Chapter 4117, thus her complaint may be heard in common-pleas court. The union responds that Vanderveer's claims, if proven, constitute an unfair labor practice under R.C. 4117.11(B)(1), which must be brought to SERB by filing an unfair-labor-practice charge. It insists that Vanderveer cannot sidestep SERB's exclusive jurisdiction by couching her claims as contract claims.

{¶ 10} The trial court dismissed Vanderveer's complaint under Civ.R. 12(B)(1) for lack of subject-matter jurisdiction. "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80 (1989). We apply a de novo standard when reviewing a lower court's decision granting a Civ.R. 12(B)(1) motion. *Mt. Pilgrim Baptist Church, Inc. v. Bishop*, 2015-Ohio-5161, ¶ 34 (6th Dist).

{¶ 11} R.C. 4117.09(B)(2) requires that a collective bargaining agreement between a public employer and a union must contain a provision authorizing the public employer to deduct union dues if presented with a written deduction authorization by the employee.

5.

Thus, if an employee signs a written deduction authorization, the collective bargaining agreement requires the employer to deduct union dues from the employee's paycheck.

{¶ 12} In *Janus v. AFSCME Council 31*, 585 U.S. 878, 884-86 (2018), the United States Supreme Court held that compelled payment of union dues by non-consenting employees violates public employees' right to free speech. Accordingly, a non-consenting public employee cannot be compelled to pay union dues. In this same vein, R.C. 4117.03(A)(1) entitles public employees to "refrain from forming, joining, assisting, or participating in . . . any employee organization[.]" Under R.C. 4117.11(B), "[i]t is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to . . . coerce employees in the exercise of the rights guaranteed in [R.C.] Chapter 4117."

{¶ 13} R.C. 4117.11(A) provides that violations of R.C. 4117.11 are "remediable" by SERB. R.C. 4117.17(B) charges SERB with investigating, hearing, adjudicating, and remedying allegations of unfair labor practices. R.C. 4117.13(A) permits SERB or a complaining party to petition the court of common pleas to enforce SERB orders or to grant injunctive relief, and R.C. 4117.13(D) vests the common-pleas court with jurisdiction to hear appeals from final orders from SERB granting or denying relief concerning an unfair labor practice.

{¶ 14} The trial court dismissed Vanderveer's complaint on the basis that SERB has exclusive jurisdiction over her claims. "Exclusive jurisdiction to resolve unfair labor practice charges is vested in SERB in two general areas: (1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11[,] and (2) where

6.

a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11." *State ex rel. Ohio Dept. of Mental Health v. Nadel,* 2003-Ohio-1632, ¶ 23, citing R.C. 4117.11. "When a party does not allege an unfair labor practice or conduct that constitutes an unfair labor practice but instead raises a claim that is independent of the rights created by R.C. Ch. 4117, jurisdiction is not exclusive to SERB and may be exercised by a common pleas court." *Ohio Council 8, AFSCME, AFL-CIO v. Lakewood*, 2025-Ohio-2052, ¶ 1.

{¶ 15} Vanderveer maintains that her claims arise from her private contract with the union and are governed by common-law contract principles. She insists that her claims do not arise from the collective bargaining agreement or statutory rights under R.C. 4117, therefore, they do not fall under SERB's jurisdiction. She contends that SERB confirmed this in *Littlejohn v. Ohio Council 8, AFSCME,* SERB No. 2023-ULP-12-0146. Vanderveer claims that in *Littlejohn*, SERB made a "jurisdictional" determination that "contractual claims . . . are not statutory unfair labor practices as described by R.C. 4117.11."

{¶ 16} The union responds that SERB has recognized that the deduction of union dues without authorization is an unfair labor practice, therefore, each of Vanderveer's claims allege conduct that, if true, constitutes an unfair labor practice subject to SERB's exclusive jurisdiction. It points to the Tenth District's decision in *Darling v. Am. Fedn. of State, Cnty., & Mun. Employees,* 2024-Ohio-2181 (10th Dist.), to support its position. The union also disputes Vanderveer's characterization of SERB's finding in *Littlejohn*.

7.

{¶ 17} In *Darling v. Am. Fedn. of State, Cnty., & Mun. Employees,* 2024-Ohio-2181 (10th Dist.), public-school employees sought to terminate their union membership and cease paying membership dues. The union agreed to terminate the employees' union membership, but continued to collect dues deductions from their paycheck. It told the employees that under the union membership contract, revocation of payroll deduction authorizations was permitted only during designated "opt-out windows." The union agreed to cease collecting membership dues at the next opt-out window. The employees maintained that the continued deductions constituted compelled speech in violation of *Janus,* 585 U.S. 878. It filed suit against the union.

{¶ 18} Like Vanderveer, the employees sought a declaratory judgment that the continued collection of union membership dues was unlawful under contract-based theories. And like the union here, the union moved to dismiss the employees' complaint under Civ.R. 12(B)(1) on the basis that SERB maintained exclusive jurisdiction because the employees' claims related to collective bargaining rights covered by R.C. Chapter 4117. The trial court agreed with the union and dismissed the employees' complaint. It concluded that while framed as common-law contract claims, the union's conduct, if true, would violate the employees' right to refrain from assisting or participating in an employee organization under R.C. 4117.11(B)(1) and R.C. 4117.03(A)(1) and would possibly violate R.C. 4117.11(B)(6). The court explained that because the employees "must necessarily prove these violations of R.C. Chapter 4117 to succeed on their claim for declaratory judgment, and because their claims arise from and assert the occurrence of

8.

unfair labor practices covered by R.C. Chapter 4117," SERB had exclusive jurisdiction over their claims. *Darling* at ¶ 7.

{¶ 19} On appeal, the employees argued that their claims related to their private contracts with the union rather than unfair labor practices subject to SERB's exclusive jurisdiction. The Tenth District acknowledged that "claims arising from rights that exist independently of R.C. Chapter 4117 may properly be heard by the court of common pleas." *Id.* at ¶ 12. It observed that three issues were implicated by the conduct described in the employees' complaint: (1) whether the union breached its agreement with the employees; (2) whether the continued payroll deductions violated the employees' rights guaranteed under R.C. Chapter 4117; and (3) whether the public employers' actions violated their respective collective bargaining agreements.

{¶ 20} The Tenth District concluded that "although framed in contract law," the employees had, in fact, alleged violations of their right under R.C. 4117.11(B)(1) and 4117.03(A)(1) to refrain from assisting the union through the continued deduction of dues. *Id.* at ¶ 21. It found that none of the employees' claims were independent of the "collective bargaining rights created by R.C. Chapter 4117." *Id.* The court held that the employees' claims were "inextricably intertwined with R.C. Chapter 4117 and dependent upon the collective bargaining rights contained therein." *Id.* at ¶ 22.

{¶ 21} Since *Darling,* the Seventh and First Districts have reached the same conclusions.

{¶ 22} In *Sheldon v. Ohio Assn. of Pub. School Employees,* 2025-Ohio-5210 (7th Dist.), the employee sought to withdraw from the union and to stop dues deductions

9.

from his wages, but did so outside the window provided in his agreement with the union. He filed a complaint against the union and SERB raising the same claims alleged in the present case. The union moved to dismiss on the grounds that SERB had exclusive jurisdiction over the issues raised in the complaint, and SERB sought dismissal for lack of a case or controversy involving SERB. The trial court held that SERB had exclusive jurisdiction over the claims in the complaint, thus it lacked subject-matter jurisdiction. It found SERB's motion to dismiss moot since the complaint was dismissed in its entirety. The employee appealed and assigned the same errors Vanderveer has assigned.

{¶ 23} Relying on *Darling,* the Seventh District affirmed. It found that despite the employee's attempts to frame his claims in terms of contract law, his complaint was "very clear as to the essence of his claim: that it is an unfair labor practice for the union to deduct dues after Appellant withdrew his union membership, and union dues must stop being withdrawn and prior dues must be returned." *Sheldon* at ¶ 21. The Seventh District agreed with *Darling* that SERB had exclusive jurisdiction.

{¶ 24} The court also agreed with SERB that the employee sought an advisory opinion concerning SERB's jurisdiction over the complaint and there was no case or controversy raised as to SERB. The court held that SERB had been improperly joined as a party under Civ.R. 21.

{¶ 25} The First District reached the same conclusion as *Darling* and *Sheldon* in *Littlejohn v. AFSCME, Ohio Council 8, AFL-CIO,* 2025-Ohio-5492 (1st Dist.), decided just days after the parties completed their briefing in the present case. As in *Darling, Sheldon*, and the present case, the employee terminated her union membership, yet

10.

deductions for union dues continued. The union told the employee that her request to cease deductions needed to be made during the opt-out window provided in her agreement with the union.

{¶ 26} The employee first filed a complaint with SERB asking it to declare that the deduction of union dues from her paycheck was an unfair labor practice. SERB determined that the union "did not commit an unfair labor practice" because she did not submit her request during the opt-out window, and it dismissed her complaint. *Littlejohn* at ¶ 7. The employee then filed a complaint for declaratory relief in common-pleas court. The declaratory-judgment action included an alternative claim purporting to serve as an "appeal" from the SERB decision. The union moved to dismiss for lack of subject-matter jurisdiction based on SERB's exclusive jurisdiction *and* because she had already brought the same complaint to SERB. The trial court granted the union's motion.

{¶ 27} On appeal to the First District, the employee argued that the trial court erred in dismissing her complaint for lack of subject-matter jurisdiction because she had alleged common-law contract claims, not unfair labor practices. The appellate court first observed that because she had filed charges with SERB alleging an unfair labor practice under R.C. 4117.11, her claims fell under SERB's exclusive jurisdiction. However, it also recognized that SERB would have exclusive jurisdiction anyway because the employee's complaint alleged conduct that, if true, constitutes an unfair labor practice specifically enumerated in R.C. 4117.11, thus the court of common pleas would lack jurisdiction even if she had first filed her complaint in the common-pleas court.

11.

{¶ 28} The employee denied that she alleged an unfair labor practice or conduct that constitutes an unfair labor practice. She maintained that her complaint raised claims independent of the rights created by R.C. Chapter 4117. The First District disagreed. It found that the employee's contractual claims arose from R.C. Chapter 4117 because under R.C. 4117.09(B)(2), the collective bargaining agreement "[a]uthorizes the public employer to deduct the periodic dues[.]" The court found that the employee's claims arose from and were dependent on the deduction of periodic dues governed by the collective bargaining agreement. It cited *Darling* as support.

{¶ 29} Like Vanderveer does here, the plaintiff argued that she had no forum to bring her contract-based claims because *Darling* held that her claims were unfair-labor-practice claims, but SERB found that her claims were not "unfair labor practices." The First District found that the plaintiff had mischaracterized SERB's disposition of her claims. It explained: "SERB did not dismiss her complaint for lack of jurisdiction over her supposed contract claims. Instead, SERB investigated her complaint and dismissed the charge 'with prejudice for lack of probable cause' that an unfair labor practice occurred." *Littlejohn* at ¶ 20. The court instructed that the proper procedure for challenging this determination was not to file the same claims in common-pleas court, but rather to seek a writ of mandamus to correct any alleged abuse of discretion by SERB.

{¶ 30} Here, we agree with *Darling, Littlejohn,* and *Sheldon.* Although framed as common-law contract claims, Vanderveer's complaint alleges conduct that, if true, constitutes an unfair labor practice. *See SERB v. AFSCME, OSCEA, Local 11,* SERB No. 87-ULP-05-0217, 1989 WL 1703833 (Jul. 20, 1989) (A union violates R.C. 4117.11(B)

12.

and 4117.03(A) by "refusing . . . requests to cease dues deductions and by not permitting withdrawal from union membership."). As such, SERB has exclusive jurisdiction over Vanderveer's claims. The trial court correctly concluded that it lacked subject-matter jurisdiction.

{¶ 31} Finally, as to Vanderveer's claim seeking a declaration that SERB either does or does not have jurisdiction over her claims, we find that this claim is rendered moot by our decision affirming the trial court's determination that SERB has exclusive jurisdiction over her claims and its dismissal of her complaint.

{¶ 32} We find Vanderveer's first assignment of error not well-taken.

### B. Open Courts

{¶ 33} In her second assignment of error, Vanderveer argues that the Ohio Constitution's Open Courts provision requires the trial court to hear her claims. She insists that under Article I, Section 16 of the Ohio Constitution, "all courts must be open, and every person . . . shall have remedy by due course of law[,]" and under Article IV, Section 4, common-pleas courts have general original subject-matter jurisdiction over civil actions, including breach-of-contract actions. Vanderveer further maintains that SERB has determined that her claims "lay outside of its bailiwick," therefore the common-pleas court is the only forum where she can seek relief.

{¶ 34} The union disputes Vanderveer's characterization that SERB has determined that her claims are outside its bailiwick. It points out that in *Littlejohn,* SERB No. 2023-ULP-12-0146, SERB found on the merits that the union did not commit an unfair labor practice—it did not find that SERB was not the proper forum for Littlejohn's

13.

claims. The union also responds that Article IV, Section 4 of the Ohio Constitution provides that courts of common pleas "shall have such original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." It claims that this means that the general subject-matter jurisdiction of the common-pleas courts is defined "entirely by statute," and R.C. Chapter 4117 excludes claims of unfair labor practices from the common-pleas court's subject-matter jurisdiction.

{¶ 35} SERB responds that Vanderveer has a forum in which to bring her claims insofar as she may file an unfair-labor-practice charge with SERB under R.C. Chapter 4117. It explains that if SERB finds no probable cause and dismisses her complaint, Vanderveer can file a mandamus action; if it issues a final order after an adjudication, Vanderveer can appeal to the common-pleas court. As such, SERB insists, she is not deprived of her right to access the courts.

{¶ 36} First, we disagree with Vanderveer that SERB has determined that her claims "lay outside of its bailiwick." SERB actually found in *Littlejohn* that "the Union [wa]s within its rights to specify the time period within which members must submit valid requests to stop dues deductions," and Littlejohn failed to submit her request to stop dues deductions during the specified period. SERB said nothing suggesting that it lacked jurisdiction over Vanderveer's contract-based claims.

{¶ 37} As for open courts and the original jurisdiction of common-pleas courts, the Ohio Supreme Court has interpreted "Article IV's mandate that the courts of common pleas have jurisdiction 'as may be provided by law' to mean that '[t]he general subject

14.

matter jurisdiction of Ohio courts of common pleas is defined *entirely by statute.*'" (Emphasis in original.) *Ohio High School Athletic Assn. v. Ruehlman*, 2019-Ohio-2845, ¶ 7, citing *State v. Wilson*, 73 Ohio St.3d 40, 42 (1995). Moreover, as explained above, the General Assembly has charged SERB with investigating charges of unfair labor practices and determining whether probable cause exists. R.C. 4117.12. If SERB determines that probable cause exists, it will issue a complaint and conduct a hearing on the charge. R.C. 4117.12(B). A final order following an adjudication of an unfair labor practice may be appealed to the common-pleas court. R.C. 4117.13(D). If SERB finds no probable cause, redress may be sought in court via a mandamus action. *State ex rel. Serv. Employees Intern. Union, Dist. 925 v. State Emp. Relations Bd.*, 81 Ohio St.3d 173 (1998), syllabus. As such, we disagree with Vanderveer that the Ohio Constitution requires the trial court to hear her claims in the first instance.

{¶ 38} We find Vanderveer's second assignment of error not well-taken.

### III. Conclusion

{¶ 39} Although framed as contract claims, Vanderveer's complaint alleges conduct that, if proven, constitutes an unfair labor practice specifically enumerated in R.C. 4117.11. SERB has exclusive jurisdiction over her claims. We find Vanderveer's first assignment of error not well-taken.

{¶ 40} Vanderveer has not been deprived of a forum in which to bring her claims. R.C. Chapter 4117 vests SERB with jurisdiction in the first instance and redress may be sought in the courts depending on SERB's disposition of her claims. We find Vanderveer's second assignment of error not well-taken.

15.

**{¶ 41}** We affirm the August 22, 2025 judgment of the Fulton County Court of Common Pleas. Vanderveer is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.

Gene A. Zmuda, J.

Charles E. Sulek, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.