[Cite as *Dupuis v. Am. Fedn. of State, Cty., & Mun. Emps., Local 2174-Toledo Pub. School Dist.*, 2026-Ohio-2116.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Cindy DuPuis, et al.

    Appellants

v.

American Federation of State,
County and Municipal Employees,
Local 2174-Toledo Public School
District, et al.

    Appellees

Court of Appeals No.  {48}L-25-00292

Trial Court No.  CI0202502488

**DECISION AND JUDGMENT**

Decided:  June 5, 2026

* * * * *

Jay R. Carson, David C. Tyron, and Alex M. Certo,
for appellant, Tiffany Binder

Kimm A. Massengill-Bernardin and Michelle R. Evans,
for appellees, Ohio Council 8, AFSCME, AFL-CIO and
Local 2174

Ohio Attorney General, Dave Yost, and Victor J. Niro,
Assistant Attorney General, for appellee, State Relations Board.

**ZMUDA, J.**

{¶ 1} We *sua sponte* place this matter on the accelerated calendar pursuant to

App.R. 11.1(A), and this judgment entry is not an opinion of the court. See

S.Ct.R.Rep.Op.3.1; App.R. 11.1(E); 6th Dist.Loc.App.R. 11.1. Having reviewed the

record, we find appellant's assignments of error not well-taken.

{¶ 2} On November 4, 2025, the trial court determined that it lacked subject matter jurisdiction over appellant Tiffany Binder's claims seeking injunctive relief, declaratory judgment, and damages.[1] Appellant's claims relate to her allegation that appellees, American Federation of State, County and Municipal Employees, Local 2174 and Ohio Council 8, improperly deducted dues from her paychecks following her resignation from the union. The trial court's judgment entry granted appellees' motion to dismiss, finding that it lacked subject matter jurisdiction over appellant's claims as the conduct alleged constituted an unfair labor practices and was subject to the State Employment Relation Board's exclusive jurisdiction, as described in R.C. Chapter 4117.[2] Appellant timely appealed, assigning two errors for our review.

{¶ 3} We recently addressed these same assigned errors and found them not well-taken. *Vanderveer v. Ohio Association of Public School Employees,* 2026-Ohio-964 (6th Dist.). Because the issues raised here are identical, that decision is controlling. For these reasons, we find appellant's first and second assignments of error not well-taken in accordance with our decision in *Vanderveer.* As a result, we affirm the November 4, 2025 judgment of the Lucas County Court of Common Pleas.

---

[1] Appellant Cindy DuPuis also appealed the trial court's judgment. On February 24, 2026, we granted appellant her motion to voluntarily dismiss her appeal.

[2] We note that appellant named the Board as a defendant to her declaratory judgment claim. The trial court granted the Board's motion to dismiss on October 20, 2025, finding that it was not a proper party because there was no case or controversy between it and appellant. Appellant did not assign error to the trial court's dismissal of the Board and that issue is not before us.

2.

**{¶ 4}** Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.

Christine E. Mayle, J.                      _____
                                                     JUDGE

Gene A. Zmuda, J.

                                       _____
Charles E. Sulek, J.                                JUDGE
CONCUR.

                                         _____
                                                     JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.